

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY REYES, individually and as Parent and Next Friend of L.R., a minor     PLAINTIFFS

VS.     CIVIL ACTION NO. 3:14cv984-CWR-FKB

DELUX AUTO SALES, INC., DAVE VAN, CECIL McCRORY and JOHN DOES PERSONS AND ENTITIES 1 THROUGH 10     DEFENDANTS

## COMPLAINT
## (JURY TRIAL DEMANDED)

LARRY REYES, individually and as Parent and Next Friend of L.R., a minor, by and through counsel, file this Complaint against DELUX AUTO SALES, INC., DAVE VAN, CECIL McCRORY and JOHN DOES PERSONS and ENTITIES 1 THROUGH 10, as follows:

1. Plaintiff Larry Reyes (hereinafter "Reyes" and/or "Plaintiff") is an adult resident citizen of Harris County, Texas, residing at 6726 Hawthorne Falls Lane, Houston, TX 77049.

2. Plaintiff L.R. (hereinafter "L.R." and/or "Plaintiff") is a minor resident citizen of Harris County, Texas, residing with his father and next friend, Larry Reyes, Sr., at 6726 Hawthorne Falls Lane, Houston, TX 77049.

3. Defendant Delux Auto Sales, Inc. (hereinafter "Delux Auto") is a business entity organized and existing under the laws of the State of Mississippi, located and having

COMPLAINT
(Jury Trial Demanded)
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 1 of 13

its principal place of business at 1175 Hwy 471, Brandon, MS 39043. Defendant Delux Auto can be served with process through/upon its registered agent for service of process: Jeff H. Goodwin, 487 Cato Road, Brandon, MS 39043.

4. Defendant Dave Van (hereinafter "Van") is an adult resident citizen of Rankin County, Mississippi, who can be served with process at his residence address: 613 Marquette Rd., Brandon, MS 39043.

5. Defendant Cecil McCrory (hereinafter "McCrory") is an adult resident citizen of Rankin County, Mississippi, who can be served with process at his residence address: 1350 Star Road, Brandon, MS 39042.

6. Defendant John Doe Persons and Entities 1 through 10 are agents, representatives and/or persons residing/located and/or having their principal place of business located in Rankin County, Mississippi or elsewhere within the judicial district of the Court, acting at the direction of/in concert with Defendants Delux Auto, Van and McCrory, who/that/which were involved in the lease and attempted sale of the subject Motor Home as discussed *infra*; decision to pursue/file criminal charges against Plaintiff Reyes; and/or were otherwise responsible for/involved in the tortious conduct as set forth in this Complaint, the conduct of whom/which subjects them to individual liability under the laws of the State of Mississippi; and/or are "alter egos" of the named Defendants; and/or are corporations, individuals or other entities that caused or contributed to Plaintiffs' damages as set-forth herein.

7. This Court has original jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00),

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 2 of 13

exclusive of interest and costs, and is between citizens of different states, as Plaintiffs are resident citizens of the State of Texas and all Defendants (including John Does) are resident citizens of the State of Mississippi.

8. Venue in this matter is proper under 28 U.S.C. § 1391, as:

   a. all Defendants are residents of; and

   b. a substantial part of the events or omissions as alleged *infra* and giving rise to these claims occurred in; and/or

   c. the property in question is situated in,

this State and judicial district.

## FACTS

9. Plaintiffs reassert and incorporate by reference the allegations contained in paragraphs 1 through 8 of the Complaint.

10. On or about March 1, 2011, Plaintiff Reyes entered into a "Lease Purchase Agreement" with Delux Auto Sales, Inc., leasing a Motor Home (hereinafter "Motor Home"). *See* Attachment No. "1".

11. At the commencement of the Lease, Plaintiff made initial payments totaling Twenty Thousand Dollars ($20,000.00). *See* Attachment No. "2". Thereafter, pursuant to the terms of the lease, Plaintiff Reyes paid One Thousand Three Hundred Dollars ($1,300.00) per month for the months of March, April, May, June, July, August, September, October, November and December of 2011 and January and February of 2012. *See* Attachment No. "3".

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

Page 3 of 13

12. In the months of March, April and May 2012, Plaintiff Reyes and Defendants continued to negotiate regarding exercising the purchase option under the lease agreement, with Plaintiff demanding certain repairs be made to the Motor Home as a condition of any purchase. During these months of March, April and May 2012, Plaintiff continued to make monthly payments by check in the amount of One Thousand Three Hundred ($1,300.00), and Defendants cashed each check during these months. *See* Attachment No. "4".

13. Because Plaintiff and Defendants were unable to reach an agreement regarding terms of the sale/purchase of the Motor Home, Plaintiff Reyes and Defendants agreed to and arranged termination of the existing month-to-month lease and return of the Motor Home. On or about May 10, 2012, as agreed and arranged between Plaintiff and Defendants, Defendant Van traveled to Houston, Texas and took possession of the Motor Home. Despite the fact he only had possession for a portion of the month, Plaintiff Reyes paid for the entire month of May.

14. During the latter part of May 2012, Defendants contacted Plaintiff and requested that he file an insurance claim, telling his insurance company that necessary repairs to the Motor Home in fact resulting from ordinary wear and tear were instead caused by vandalism (which would be a covered "loss" as defined under any applicable polic(y)(ies) of insurance). Because doing so would necessarily mean making a false/fraudulent claim, Plaintiff Reyes refused Defendants' request.

15. Thereafter, Defendants (including Defendant Van, individually and as owner and representative of Delux Auto Sales) continued to contact Plaintiff Reyes, telling him that

**COMPLAINT**
***(Jury Trial Demanded)***
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 4 of 13

he would "pay" for refusing to comply with their demands. Defendant Van specifically told Plaintiff that Van and "his partner", Defendant Cecil McCrory, were connected politically (including, but not limited to, in Rankin County, Mississippi) and would exert their influence for the purpose of making certain Plaintiff "learned a lesson".

16. In July 2012, Defendants contacted Rankin County law enforcement for the purpose of initiating criminal charges against Plaintiff. In doing so, Defendants provided law enforcement with false, inaccurate and/or otherwise misleading information for the purpose of securing those charges. Specifically, Defendants made allegations to law enforcement including, but not limited to, that Plaintiff "failed to return [the Motor Home] on February 28, 2012, as required under the terms of the rental agreement . . . ." These allegations were false/inaccurate, as Plaintiff paid (i.e., Plaintiff sent a check and Defendants cashed each check) for each and every month in which he was in possession of the Motor Home. On or about May 2, 2013, based on the information provided by Defendants, a Rankin County, Mississippi Grand Jury indicted Plaintiff, finding that:

> on, about or between the dates of the 28th of February, 2012 and the 3rd of July 2012, . . . did obtain the personal property of another, having a value of more than $500.00, under a lease or rental agreement, and, thereafter, did willfully, knowingly, and feloniously exercise unlawful and unauthorized control over the [Motor Home] with the purpose to deprive the owner thereof . . . and failed to return the [Mobile Home] on February 28, 2012, as required under the terms of the rental agreement in violation of Mississippi Code Ann. § 97-17-64 . . . .

Based on this indictment as secured by Defendants, a warrant was issued for Plaintiff's arrest. *See* Attachment No. "5".

17. On or about December 23, 2013, while at the airport with his family in

**COMPLAINT**
***(Jury Trial Demanded)***
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 5 of 13

Houston, Texas, Plaintiff was arrested on this warrant. Plaintiff spent December 23, 24 and 25, 2013 in the Harris County, Texas jail. He was released from jail on December 26, 2013. While Plaintiff was incarcerated, Plaintiff L.R., a child– then eleven (11) years old, phoned Defendant Van, told Defendant Van that his daddy had done nothing wrong and asked that he let his daddy out of jail. Defendant Van responded to Plaintiff L.R. with profane language, telling the child that his father had "f****d" with the wrong people and would remain in jail "forever". Even after being released on December 26, 2013, Plaintiff Reyes was detained on this warrant on more than other occasion. This has interfered with Plaintiff Reyes' established, protected rights of travel, freedom and liberty and has resulted in him being treated like a criminal in public, including in front of his family.

18. On or about November 12, 2014, without explanation, the criminal proceedings against Plaintiff Reyes were terminated in his favor by an Order of Nolle Prosequi entered in the Circuit Court of Rankin County, Mississippi. *See* Attachment No. "6".

## **MALICIOUS PROSECUTION**

19. Plaintiffs incorporate by reference and reassert the allegations made in paragraphs 1 through 18 of the Complaint.

20. Sometime between the months of June 2012 and January 2013, Defendants made a criminal complaint or otherwise contacted law enforcement in Rankin County, Mississippi (believed to be the Rankin County Sheriff's Department) for the purpose of causing criminal proceedings to be instituted against Plaintiff Reyes. Based upon false,

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 6 of 13

defamatory, inaccurate and/or otherwise misleading information, Defendants' criminal complaint was presented to a grand jury and Plaintiff was indicted under Mississippi Code Annotated § 97-17-64 for "Larceny Under Lease".

21. On or about November 12, 2014, those proceedings were terminated in Plaintiff's favor by the an Order of Nolle Prosequi entered in the Circuit Court of Rankin County, Mississippi.

22. Defendant (caused to be) instituted the criminal proceedings based on ulterior/improper motives in that their motives were for a purpose other than bringing an actual offender to justice.

23. Probable cause for the criminal proceedings did not exist and those proceedings would not have been instituted but for Defendants providing false and/or otherwise incorrect/inaccurate information to law enforcement personnel and prosecutors. At all times pertinent to the conduct that forms a basis of/grounds for this cause of action, Defendants lacked an honest, subjective belief regarding each and every element that would be required to establish Plaintiff Reyes' guilt and there was/would not have been any reasonable grounds for such a belief on any such element(s).

24. Plaintiffs suffered (seek and are entitled to an award of) damages as a result of Defendants' malicious prosecution including, but not limited to, mental and emotional distress, attorney's fees and other economic and non-economic damages to be proven in this litigation.

**COMMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 7 of 13

## ABUSE OF PROCESS

25. Plaintiffs incorporate by reference and reassert the allegations made in paragraphs 1 through 24 of the Complaint.

26. For the reasons set forth in this Complaint, Defendants, by initiating criminal charges, made an improper, perverted use of process, neither warranted nor authorized. Defendants' motive for making this improper use of process was ulterior, i.e., was something other than the purpose of bringing an actual offender to justice. As a result of Defendants' actions, Plaintiffs were damaged, experiencing resulting mental and emotional distress and incurring expenses for attorney's fees in defending/otherwise addressing the process initiated by Defendants. Consequently, Plaintiff seeks all damages allowed by law and supported by the evidence.

## FALSE ARREST, DETENTION and IMPRISONMENT

27. Plaintiffs incorporate by reference and reassert the allegations made in paragraphs 1 through 26 of the Complaint.

28. Defendants' actions resulted in Plaintiff being restrained, arrested, detained and imprisoned on or about December 23, 2013. Plaintiff spent December 23, 24 and 25, 2013 in the Harris County, Texas jail. He was released from jail on December 26, 2013.

29. Plaintiff's restraint, arrest, detention and imprisonment were false, unlawful, malicious, without probable cause and against Plaintiff's will. As a result, Plaintiff experienced emotional distress (exacerbated by the fact that he was imprisoned over the Christmas holiday, including Christmas day, away from his family), lost his freedom and

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 8 of 13

liberty and incurred expense in the form of costs and fees attendant with/resulting from/necessary as a result of his incarceration. As a consequence, Plaintiff Reyes is entitled to and seeks an appropriate award of damages.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and OUTRAGE

30. Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 29 of the Complaint.

31. In addition/in the alternative, Defendants' conduct as alleged in this Complaint was intentional and reckless; extend(ed)(s) beyond mere insults, indignities, threats, annoyances, petty oppressions and other trivialities; and would cause an average member of the community to arouse as a resentment against Defendants and lead them to exclaim that the conduct in question was so outrageous in character and so extreme in degree, as to go beyond the bounds of all decency, and to be regarded as atrocious and utterly intolerable in a civilized community. By virtue of this conduct (as alleged in the preceding paragraphs of the Complaint), Defendants intentionally and recklessly caused severe emotional distress to Plaintiffs. Defendant Van's communications (including profanity, threats, intimidation and/or defamatory statements) with Plaintiff L.R. were so outrageous in character and so extreme in degree, as to go beyond the bounds of all decency, and to be regarded as atrocious and utterly intolerable in a civilized community. As a result, Plaintiff L.R. was traumatized and experienced extreme mental and emotional distress at the thought of the loss of his father. For all of this and all of these reasons, Plaintiffs are entitled to and seek all damages allowed by law and supported by the

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 9 of 13

evidence.

## DEFAMATION

32.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 31 of the Complaint.

33.     The statements and communications made by Defendants to law enforcement and others to the effect that Plaintiff wrongly exercised possession/control over the Motor Home and/or was a criminal and/or somehow violated the law were a) clearly and unmistakably false, defamatory and unprivileged; b) clearly and unmistakably directed at/of and concerning Plaintiff Reyes; and c) a result of conduct that, at the very least, amounted to negligence.

34.     As a result of this conduct, Plaintiff Reyes' reputation was damaged and he suffered mental and emotional distress.  Consequently, Plaintiff Reyes' is entitled to all damages allowed under the law.

## NEGLIGENCE

35.     Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 34 of the Complaint.

36.     In the alternative, the actions as alleged in the preceding paragraphs of the Complaint, *supra,* were the result of negligence on the part of the Defendants.  That is, Defendants, at all times, owed Plaintiffs a duty to exercise reasonable care including, but not limited to, in communicating with law enforcement and initiating criminal proceedings. Should the evidence so indicate that Defendants' actions as alleged in the Complaint herein

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 10 of 13

were not the result of intentional, malicious, reckless and/or wanton conduct, Defendants' actions were a result a failure to exercise reasonable care, which resulted in damages including, but not limited, emotional distress and other economic (i.e., attorney's fees and loss of wages) and non-economic damages (including mental and emotional distress) to be proven in this litigation. Consequently, Plaintiff is entitled to and seeks an award of all damages allowed under the law and supported by the evidence.

## DAMAGES

37. Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 36 of this Complaint.

38. As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiffs have suffered, and continue to suffer, substantial actual, economic and compensatory damages, including but not limited to economic losses, such as attorney's fees incurred in bringing this action and defending against the criminal charges as discussed in this Complaint; severe emotional distress and mental anguish; anxiety; worry; and other damages to be shown at the trial of this matter, for all of which Plaintiffs are entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

39. The actions of Defendants, and each of them, as set forth in the preceding paragraphs, were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately caused Plaintiffs to suffer, and to continue to suffer, severe anxiety and emotional distress; and was conduct Defendants knew, or should have known, would cause

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 11 of 13

Plaintiffs to suffer severe emotional distress. As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiffs for an amount of money sufficient to compensate them for their severe emotional distress, as well as punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

40. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others and committed actual fraud, making the Defendants, and each of them, liable to Plaintiffs for punitive damages, under Miss. Code Ann. § 11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

41. In addition/in the alternative, should the evidence so indicate that Defendants' conduct fails to rise above the level of ordinary negligence, Plaintiffs seeks all damages allowed under the law for said conduct.

## **RESERVATION OF CLAIMS**

42. Plaintiffs incorporate and reassert the allegations of Paragraphs 1 through 41 of this Complaint.

43. As a result of Defendants' conduct as outlined herein, Plaintiffs are without knowledge or information sufficient to form a belief as to whether other claims and

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 12 of 13

damages may exist. However, contingent on the facts revealed by investigation and discovery, Plaintiffs expressly reserve their right to raise any additional claims and assert any additional grounds as may be appropriate.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiffs demand a trial by jury and judgment from and against Defendants, including John Does, jointly and severally for actual, compensatory, consequential, incidental, extra-contractual and/or punitive damages, as well as costs and attorney's fees, and any other available relief in excess of the Court's jurisdictional minimum of Seventy Five Thousand Dollars ($75,000.00). Plaintiff also ask this Court for any and all other relief it may deem appropriate under the circumstances.

Respectfully submitted,
**LARRY REYES, individually and on behalf/as father and next friend of L.R., a Minor**

By: _____
Timothy D. Moore (MSB #10494)
The Law Office of Timothy D. Moore, PLLC
120 North Congress Street, Ste. L2 (39201)
P.O. Box 23939
Jackson, MS 39225
601.321.9629 TEL
601.397.6941 FAX
601.988.4590 CELL
tmoore@tdmoorelaw.com
www.tdmoorelaw.com

**COMPLAINT**
*(Jury Trial Demanded)*
*Larry Reyes v. Delux Auto Sales, Inc., et al*
**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

Page 13 of 13